**SEAY v. SANFORD, Warden.**

No. 11759.

Circuit Court of Appeals, Fifth Circuit.

Oct. 25, 1946.

---

Hansel J. Seay, in pro. per. for appellant.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger and F. Douglas King, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

A writ of habeas corpus was denied on a record which shows that appellant Seay on May 2, 1942, was duly sentenced in a district court of the United States in Indiana to imprisonment in the penitentiary for two and one-half years; that he was conditionally released on May 11, 1944, on an allowance of good time of 180 days. On November 1, 1944, a parole officer filed with the Parole Board information that Seay had on October 18, 1944, been arrested for mail thefts which he had admitted, and had made trips to Michigan and Canada without permission, and a warrant for breach of parole was recommended. A warrant was issued by a member of the Parole Board on November 2 but not delivered to an officer for service. Seay was tried and sentenced on November 16, 1944, for the mail thefts to imprisonment for two and a half years in the penitentiary at Lewisburg, Penn. On December 7, 1944, the warrant issued by the Parole Board member was mailed to the Warden of the Lewisburg Penitentiary as a detainer against Seay when the sentence he was serving should expire. Seay has now been transferred to Atlanta Penitentiary and is not eligible to release even with full good time allowance till November 16, 1946, on the second sentence. It does not appear whether the Parole Board has yet heard the matter of his violating his conditional release or ordered service of the 180 days not served of his first sentence.

Seay contends in his brief that he was arrested on the Parole Board's warrant before he was sentenced the second time, so that his case as to the non-concurrence of the service of the 180 days is not like the case of Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808.

But the documents in the record are against him, indicating that he was arrested for the mail theft before the parole violation warrant was ever issued, and the latter warrant was not sent out till December 7, 1944, though dated November 2, 1944.

But the present confinement is still under the second sentence, and nothing is presented to show it invalid. A writ of habeas corpus looks only to the lawfulness of the present confinement. It does not deal with the lawfulness of a possible future imprisonment under another sentence. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238.

The judgment refusing the writ is affirmed.