**KENNEDY v. SANFORD, Warden.**

No. 2238.

District Court, N. D. Georgia, Atlanta Division.

July 28, 1947.

Oltie William Kennedy, in pro. per., for petitioner.

J. Ellis Mundy, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner was sentenced July 23, 1943, in the District Court of the United States for the Northern District of West Virginia, upon his pleas of guilty to two indictments of one count each charging violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408, and Escape from Custody of a United States Marshal, 18 U.S.C.A. § 753h, and upon the verdict of a jury finding him guilty under an indictment in one count charging Conspiracy to Attempt to Escape from Custody of a United States Marshal, 18 U.S.C.A. §§ 88, 753h, to serve consecutive terms of four, five, and two years, respectively, aggregating eleven years.

A second application for habeas corpus presents substantially the grounds urged heretofore (No. 2230 H.C.), and insists in addition thereto that petitioner was turned over to the civil authorities for prosecution while still a member of the military forces of the United States, that such action by Army officials was illegal and the sentencing court acquired no jurisdiction over him. Further, that the proceedings were not recorded by a court reporter as required by law. Rule nisi was granted, response made, and traverse interposed.

There is no merit in the contention that the United States District Court for the Northern District of West Virginia acquired no jurisdiction over petitioner and was without authority to try him because he was a member of the military forces of the United States. "* * * In the absence of direct indication to the contrary, it can never be assumed that the Congress of the United States ever intended, even in time of war, to deprive the Government of the United States, of which the Army is a part, of the right to try soldiers, be they officers or enlisted men, for crimes committed against it." United States v. Canella, D.C.S.D.Cal., 63 F.Supp. 377, 383; affirmed 9 Cir., 157 F.2d 470.

As pointed out in the previous case (No. 2230 H.C.), the sentence of two years on the conspiracy charge was imposed to begin at the expiration of the sentences in the other two cases on which petitioner entered pleas of guilty. Therefore, even if the attack made thereon is meritorious, petitioner could not be discharged from custody and his application is premature. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Seay v. Sanford, 5 Cir., 158 F.2d 281.

No sufficient ground for writ of habeas corpus has been established as to the sentence presently being served.

Whereupon, it is considered, ordered and adjudged that the application for writ of habeas corpus is hereby denied and the petition dismissed.